UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GANDY SETIADY,

        Plaintiff,

vs.                                       Case No. 3:11-cv-1146-J-32MCR

U.S. BANK NATIONAL ASSOCIATION, INC, et al,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Second Amended Complaint (Doc. 10) and Plaintiff's Affidavit of Indigency, which the Court construes as a Motion to Proceed In Forma Pauperis (Doc. 2).

On November 29, 2011, the undersigned entered an Order taking Plaintiff's request to proceed in forma pauperis under advisement and directing Plaintiff to file an amended complaint no later than December 13, 2011. (Doc. 5). On December 12, 2011, Plaintiff filed an Amended Complaint. (Doc. 6). The Court found Plaintiff's Amended Complaint to be deficient and directed Plaintiff to file a second amended complaint no later than December 23, 2011. (Doc. 9). On December 22, 2011, Plaintiff

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. § 636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

-1-

filed a Second Amended Complaint. (Doc. 10). Upon review, the Court continues to find that Plaintiff offers no basis for federal jurisdiction.

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. §1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. Further, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Although Plaintiff claims a Fifth Amendment violation, his claim is more properly characterized as one alleging a violation of the Fourteenth Amendment brought pursuant to 42 U.S.C. § 1983.[2]

Section 1983 provides a remedy when a person deprives a plaintiff of a right, privilege, or immunity security by the Constitution, laws, or treaties of the United States. See 42 U.S.C. § 1983.[3] "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." Arrington v. Helms, 438 F.3d 1336, 1347-48 (11th Cir. 2006). The Supreme Court has reiterated a § 1983 cause of action requires "both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000). The law is clear that "§ 1983 excludes from its reach merely private

---

[2] Although Plaintiff alleged that he had been deprived of his property rights without due process of law in violation of the Fifth Amendment of the United States Constitution, the Fifth Amendment applies to persons acting under color of federal law. Schweiker v. Wilson, 450 U.S. 221, 226 n.6, 101 S. Ct. 1074, 67 L. Ed. 2d 186 (1981); Public Utilities Comm'n v. Pollak, 343 U.S. 451, 461, 72 S. Ct. 813, 96 L. Ed. 1068 (1952) (Fifth Amendment applies to federal government action not private action). Plaintiff does not allege, nor does it appear, that Defendants acted under color of federal law.

[3] Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

conduct, no matter how discriminatory or wrongful."[4]  Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1277 (11th Cir. 2003).

Here, Plaintiff has not alleged, nor can the undersigned decipher, any state action.  Therefore, the Court can discern no basis for jurisdiction.  In reviewing Plaintiff's second amended complaint, the undersigned applies "the liberal construction to which pro se pleadings are entitled."  Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998).  However, this liberal construction cannot serve as a substitute for establishing a cause of action.  See GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1369 (11th Cir. 1998).  An in forma pauperis complaint is considered frivolous if "the plaintiff's realistic chances of ultimate success are slight."  Harris v. Menendez, 817 F.2d 737, 740 (11th Cir. 1987) (internal citations omitted).  If the Court determines that the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless," the complaint can be dismissed as frivolous.  Neitzke, 490 U.S. at 327.

---

[4]Only in rare circumstances can a private party be viewed as a "state actor" for § 1983 purposes.  Weaver v. James Bonding Co., Inc., 442 F.Supp.2d 1219, 1223 (S.D. Ala. 2006).  In order to view a private party as a state actor, the Court must determine one of the following three conditions is met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks omitted).  In the instant case, Plaintiff's Second Amended Complaint contains no allegations even remotely satisfying any of the above-mentioned conditions.

Clearly baseless allegations include those which are "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733 (1992).

Plaintiff's claims are legally frivolous.[5] Accordingly, it is respectfully

**RECOMMENDED**:

the District Judge dismiss this case without prejudice to Plaintiff filing a paid complaint.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 4th day of January, 2012.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Plaintiff

Hon. Timothy J. Corrigan
United States District Judge

---

[5] The Court notes that Plaintiff claims a violation of "Sec. 9 RESPA 12 U.S.C. 2608 4500.16 of The Federal Banking Law which Constitute Tort Damage." (Doc. 10, p. 1). This assertion is nonsensical and Plaintiff offers no factual support. The court is not required to parse the amended complaint for support of Plaintiff's shotgun allegations of federal violations. See Clausell v. Bank of Am. Corp., 2010 U.S. Dist. LEXIS 142623 (N.D. Ga. July 20, 2010).